UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,

       Plaintiff,

vs.

N. YOUNG et al.,

       Defendants.

3:14-cv-00178-RCJ-VPC

**ORDER**

Plaintiff Lausteveion Johnson is an inmate in custody of the Nevada Department of Corrections ("NDOC"). He alleges civil rights claims against officials of NDOC and Ely State Prison ("ESP"). Pending before the Court are two motions: Motion to Continue Trial (ECF No. 74) and Motion to Appoint Counsel (ECF No. 75).

**I.    FACTS AND PROCEDURAL HISTORY**

While incarcerated at ESP, Plaintiff filed numerous grievances and lawsuits. He alleges that Defendants withheld and refused to copy legal documents he submitted to them and deprived him of issues of *Ebony* magazine to which he had subscribed. He made the following claims against Defendants: (1) First Amendment retaliation; (2) First Amendment access to the courts; and (3) Fourteenth Amendment due process. On November 18, 2015, the Court adopted and accepted the magistrate judge's recommendation to grant summary judgment in favor of Defendants as to each claim, except for Plaintiff's First Amendment retaliation claim against Defendant N. Young. (*See* ECF No. 67). Trial is currently set to begin on April 18, 2016.

Defendants move the court to continue the trial to June or July. Plaintiff, a pro se Defendant, moves the Court to appoint counsel for him.

1

## II.   MOTION TO CONTINUE TRIAL

Defendants move the court to continue the trial currently set to begin on April 18, 2016 to a date in June or July (ECF No. 74). Plaintiff objects.

### A.   Legal Standards

"A district court's decision regarding a continuance is given great deference." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Four factors are salient when considering whether to grant a continuance: (1) the movant's diligence in preparing for the date set for hearing; (2) the likelihood that a continuance will address the need giving rise to the motion for a continuance; (3) the extent to which a continuance will inconvenience the court and the opposing party, including its witnesses; and (4) whether the movant will suffer prejudice if the continuance is denied. *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985); *see also Danjaq*, 263 F.3d at 961. The fourth factor is mandatory. (*Id.*).

### B.   Analysis

Defendants seek a continuance because their counsel is involved in another trial set before this Court on April 4, 2016, and the trial for this case is currently scheduled to begin on April 18, 2016. *See Sanzo v. Cox*, No. 314-CV-00030-RCJ-WGC. Defendants state counsel inadvertently suggested the April 18th date without recognizing the *Sanzo* trial would be reset to April 4th. They argue counsel will have only one week to prepare for the *Sanzo* trial, which is not adequate time. Counsel for Defendants asks the Court to continue the trial to either late June or early July.

Plaintiff opposes the motion because it is filed "solely for the purpose of delaying this matter and not for good faith." (Resp., 1, ECF No. 77). He also argues that Defendants' counsel can adequately prepare for trial because "this is a very simple and non-complex case, with only

one count against 3 Defendants." (*Id.*). Further, Plaintiff argues that continuing the trial to June or July would create transportation and other issues because he is the plaintiff in another more complex case set for trial on May 17, 2016. *See Johnson v. NDOC et al.*, 2:13-cv-00110-RFB-GWF. Plaintiff asks the Court to keep the current trial date or move it up to March.

The Court finds that a continuance is appropriate in this specific case. The Court notes first that Defendants' motion for a continuance is the first request for a continuance from either party. Further, requiring Defendants' counsel to represent different parties in two separate cases within one week of each other would cause Defendants in this case, and in the *Sanzo* case, to suffer prejudice because of inadequate time to prepare. Continuing the case for two or three months will give Defendants' counsel sufficient time to prepare for both trials and will not inconvenience Plaintiff if the Court sets a date that does not follow Plaintiff's other trial date of May 17th too closely. As a result, the Court grants Defendants' motion to continue the trial and sets the new trial date for June 27, 2016.

### III.  MOTION TO APPOINT COUNSEL

Plaintiff moves the Court to appoint counsel for him (ECF No. 75).

#### A.  Legal Standards

The Ninth Circuit has outlined the following standards:

> Generally, a person has no right to counsel in civil actions. However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together.

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted). In addition, "difficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

    **B.**        **Analysis**

Plaintiff argues he needs counsel to represent him because he "has a limited knowledge of law, hasn't graduated high school, and has a learning disability." (Mot., 1). Because of these limitations, he argues he "will not adequately be able to cross examine witnesses." (*Id.*). Plaintiff also argues the prison "has an inadequate law library which would render Plaintiff ill-prepared to . . . conduct a trial effectively, even as an inmate." (*Id.*).

Plaintiff has not demonstrated that exceptional circumstances exist. He argues he is likely to succeed on the merits of his remaining claim because it survived the summary judgment stage. However, clearing the summary judgment hurdle does not mean Plaintiff will win at trial; indeed, the Court denied his motion for summary judgment as to his remaining claim because he did not provide "a set of undisputed facts demonstrating that a reasonable jury could not find for Defendant Young." (R & R, 13, ECF No. 60). Plaintiff has not provided any other arguments to support his assertion that the merits of his claim are strong.

Nothing indicates the legal issues involved in the trial will be complex. In fact, Plaintiff argued in response to Defendants' motion for a continuance that "this is a very simple and non-complex case, with only one count against 3 Defendants." (Resp., 1, ECF No. 77). For the purposes of this motion, Plaintiff makes no argument that the case is complex. Other than Plaintiff's learning disability, the other factors he mentions are all difficulties that any pro se prisoner litigant could face. Despite having an unspecified learning disability, Plaintiff has filed several coherent briefs arguing the facts and law related to his case, including a partially

4

successful defense against Defendants' motion for summary judgment. The Court finds no reason to doubt Plaintiff is capable of representing himself in this case generally and at trial. No exceptional circumstances justify appointing counsel for Plaintiff. The Court denies the motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Continue Trial (ECF No. 74) is GRANTED.

IT IS FURTHER ORDERED that calendar call is set for Monday, June 13, 2016 at 10:00 AM in Reno Court Room 6 before Judge Robert C. Jones. Jury trial is set for Monday, June 27, 2016 at 8:30 AM.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 75) is DENIED.

DATED: This 10th day of March, 2016.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge