**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LAUSTEVEION JOHNSON,

            Plaintiff,

     vs.

N. YOUNG et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

3:14-cv-00178-RCJ-VPC

**ORDER**

       Plaintiff Lausteveion Johnson is an inmate in custody of the Nevada Department of Corrections ("NDOC"). He alleges civil rights claims against officials of NDOC and Ely State Prison ("ESP"). Pending before the Court are three Petitions for Writ of Habeas Corpus ad Testificandum (ECF Nos. 80, 81, 82) and a Motion to Take Video Deposition (ECF No. 87).

**I.     FACTS AND PROCEDURAL HISTORY**

       While incarcerated at ESP, Plaintiff filed numerous grievances and lawsuits. He alleges that Defendants withheld and refused to copy legal documents he submitted to them and deprived him of issues of *Ebony* magazine to which he had subscribed. He makes the following claims against Defendants: (1) First Amendment retaliation; (2) First Amendment access to the courts; and (3) Fourteenth Amendment due process. On November 18, 2015, the Court adopted and accepted the magistrate judge's recommendation to grant summary judgment in favor of Defendants as to each claim addressed, except for Plaintiff's First Amendment retaliation claim against Defendant N. Young. (*See* ECF No. 67). Plaintiff's retaliation claim against Defendants Renee Baker and April Witter also remains. Trial is scheduled to begin on June 27, 2016.

///

## II.      PETITIONS FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Plaintiff moves the Court to issue writs of habeas corpus ad testificandum ordering

NDOC to produce and transport him and inmates Damon L. Campbell and William R. Clark to

trial as witnesses for the case (ECF Nos. 80, 81, 82).

### A.      Legal Standards

Under 28 U.S.C. § 2241(c)(5), a district court may extend a writ of habeas corpus to a

prisoner if "[i]t is necessary to bring him into court to testify or for trial." In determining whether

to issue a writ to bring a state prisoner witness into federal court, a district court should consider

factors such as the following: whether "[1] the prisoner's presence will substantially further the

resolution of the case, [2] the security risks presented by the prisoner's presence, [3] the expense

of the prisoner's transportation and safekeeping, and [4] whether the suit can be stayed until the

prisoner is released without prejudice to the cause asserted." *Wiggins v. Alameda Cty.*, 717 F.2d

466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)

(holding that when a district court could not ascertain to what a witness would testify it could

exclude the witness because the inconvenience and expense of transporting the inmate

outweighed any potential benefit he could provide), *abrogated on other grounds by Sandin v.*

*Connor*, 515 U.S. 472 (1995).

### B.      Analysis

Defendants do not oppose the motion as to Plaintiff, but they oppose it as to inmates

Campbell and Clark. Plaintiff argues that the presence of Campbell and Clark will further the

resolution of the case because they are "eyewitnesses and victims of Defendant Young[']s

retaliatory actions." (Reply, 3, ECF No. 86). Further, "Clark is an eyewitness to the allegations

surrounding Plaintiff being written up out of retaliation for filing an emergency grievance against

Young . . ., as Clark was Plaintiff[']s next door neighbor at the time so he could see, hear and witness what was done and said to Plaintiff." (*Id.*).

   1.  Campbell

  Plaintiff fails to show that Campbell has any knowledge of the events at issue in the case. In a declaration submitted by Campbell as part of a prior motion, (*see* Resp., 19–20, ECF No. 44), Campbell asserts that Defendant Young also refused to make copies of legal documents for him, in violation of prison regulations. (*Id.* at ¶¶ 2–4). He offers this statement as "corroboration" of Plaintiff's claims in this case. (*Id.* at ¶ 5). Thus, it appears that Campbell intends to give testimony of a prior bad act by Young to show she could have committed the same act against Plaintiff. But "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

  "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). "If evidence satisfies Rule 404(b), 'the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403.'" *Id.* The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test. *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998).

Plaintiff makes no showing that he intends to offer Campbell's testimony for a purpose other than to show a prior bad act. He also fails to show that the testimony tends to prove a material point in the case. Campbell's declaration does not show he has any knowledge of what occurred between Young and Plaintiff; thus, his testimony will not substantially further the resolution of the case.

2.      Clark

Plaintiff also fails to satisfy his burden as to Clark. Plaintiff argues that as his neighbor at the time of the events, Clark was an eyewitness to what occurred. However, Plaintiff does not identify what Clark allegedly witnessed. The Court can only attempt to infer from the Amended Complaint what Clark might have witnessed.

In the Amended Complaint, Plaintiff alleges that an officer from the library came and told him that Young was refusing to copy his legal work and would write a notice of charges against him because Plaintiff filed grievances against her. (Am. Compl. ¶ 6, ECF No. 21, at 4). Plaintiff also alleges that Defendant Moore "told Plaintiff that, 'Young was supposed to write you up for trying to get those documents copied.'" (*Id.* ¶ 10, at 6). If Plaintiff attempts to offer Clark's testimony as to these statements, or other statements made to Plaintiff while at his cell, then Clark's testimony would be inadmissible hearsay. *See* Fed. R. Evid. 801. Plaintiff has not identified what else Clark might have seen or heard, and the Court cannot foresee, and will not speculate, as to what else might have occurred at Plaintiff's cell in relation to his claims. The Court cannot ascertain to what Clark would testify, and based on the allegations in the Amended Complaint, the Court cannot identify anything he might add that would further the resolution of the case. As a result, the inconvenience and expense of transporting Clark to trial outweighs any potential benefit he could provide. *See Walker*, 14 F.3d at 1422.

The Court grants the motion as to Plaintiff but denies the motions as to Campbell and Clark.

**III.    MOTION TO TAKE VIDEO DEPOSITION**

Defendants move the Court to allow Defendant Young to take a video deposition remotely and use the deposition at trial in lieu of live testimony. (ECF No. 87).

**A.    Legal Standards**

A party may use a deposition for any purpose if either "the witness is more than 100 miles from the place of hearing or trial" or "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. 32(a)(4)(B)-(C). "Unless the Court orders otherwise, deposition testimony shall be offered by stenographic means." LR 32-1. On motion, the Court may order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

**B.    Analysis**

Defendants inform the Court that Young lives in Idaho and will be approximately thirty-three weeks pregnant by the time of trial. (Decl. of Nissel Young, ¶ 4, ECF No. 87-1, at 2). Young would need a doctor's note within twenty-four to seventy-two hours of flying. (*Id.* at ¶ 5). She states that if she is required to come to trial to testify, then "I will have to seek the advice of a doctor to make sure he considers me healthy enough to make such a trip. If a doctor does not clear me or worries I will suffer complications from the travel or the court appearance, I will likely not attend trial." (*Id.* at ¶ 7). Plaintiff objects to Defendants' motion because Defendants asked the Court for a continuance to the June trial date and because as an inmate he does not have the equipment required to participate in the deposition. He also argues that he would be prejudiced if Young, the primary defendant, does not appear before the jury.

The Court recognizes the burden and potential health risks that Young would face if required to appear in person at trial. However, rather than allow her to appear via video deposition before trial, the Court will continue the trial to a date when Young can testify in person. As the primary defendant in the case, Young's testimony is essential, and requiring her to be physically present will allow Plaintiff to cross examine her before the jury in light of the ongoing circumstances of the trial. This approach will also alleviate Plaintiff's concerns about access to technology at the prison. The Court denies the motion and orders the parties to file a stipulation as to the trial date, as indicated below.

## CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus Ad Testificandum (ECF No. 81) is GRANTED.

IT IS FURTHER ORDERED that the Petitions for Writ of Habeas Corpus Ad Testificandum (ECF Nos. 80, 82) are DENIED.

IT IS FURTHER ORDERED that the Motion to Take Video Deposition (ECF No. 87) is DENIED. The parties shall file a stipulation within 7 days as to which of the following dates they would like to continue the trial: (1) September 26, 2016; (2) October 11, 2016; or (3) October 24, 2016.

Dated this 6th day of May 2016.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge