UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> N. YOUNG et al., <br><br> Defendants. | 3:14-cv-00178-RCJ-VPC <br><br> **ORDER** |

Plaintiff Lausteveion Johnson is an inmate in custody of the Nevada Department of Corrections ("NDOC"). He alleges civil rights claims against officials of NDOC and Ely State Prison ("ESP"). Pending before the Court is Plaintiff's Motion in Limine (ECF No. 89).

**I.   FACTS AND PROCEDURAL HISTORY**

While incarcerated at ESP, Plaintiff filed numerous grievances and lawsuits. He alleges that Defendants withheld and refused to copy legal documents he submitted to them and deprived him of issues of *Ebony* magazine to which he had subscribed. He makes the following claims against Defendants: (1) First Amendment retaliation; (2) First Amendment access to the courts; and (3) Fourteenth Amendment due process. On November 18, 2015, the Court adopted and accepted the magistrate judge's recommendation to grant summary judgment in favor of Defendants as to each claim addressed, except for Plaintiff's First Amendment retaliation claim against Defendant N. Young. (*See* ECF No. 67). Plaintiff's retaliation claim against Defendants Renee Baker and April Witter also remains. Before the Court is Plaintiff's motion in limine.

///

1

## II.　LEGAL STANDARDS

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.     ANALYSIS

#### A.     Criminal Record

Plaintiff moves the Court to bar Defendants from mentioning his criminal record under Federal Rules of Evidence 609(b). Rule 609(b) limits the use of criminal convictions as evidence "if more than 10 years passed since the witness's conviction or release from confinement for it, whichever is later." Plaintiff states that he "was convicted of his criminal offenses in July of 2004." (Mot. ¶ 1, at 1). Rule 609(b) does not apply, however, because Plaintiff has not been released from confinement for the conviction. *See Nevada v. Johnson*, No. C193750 Dep. XII (Dist. Ct. Clark Cty., Nev. July 13, 2004). Furthermore, even if Rule 609(b) did apply, Defendants have not provided written notice of their intent to use the conviction as evidence, (*see* Resp., 2, ECF No. 93); thus, the Court would have no need to determine whether the evidence's probative value would substantially outweigh its prejudicial effect. *See* Fed. R. Evid. 609(b)(1)-(2). The Court denies the motion as to this request.

#### B.     Notices of Charges

Plaintiff moves the Court to exclude evidence of any notices of charges filed against him, other than the notice at issue in this case. He argues that the other notices are not relevant and

that under Rule 403 they are inadmissible because they would "unfairly prejudice him in the eyes of the jury." (Mot., ¶ 2, at 1). Defendants state that they do not intend to introduce evidence of other disciplinary charges but should be allowed to use them for purposes such as impeachment.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. While introduction of other notices of charges filed against Plaintiff might potentially create a danger of unfair prejudice, the Court will not grant a blanket motion to exclude them because the probative value of the evidence might make it admissible for certain purposes, such as impeachment, during trial. If necessary, the Court will determine whether to admit such evidence in the context of the trial. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."). The Court denies the motion as to this request.

### C.     Redaction of Records

Plaintiff moves the Court to order that his crime of conviction be redacted from any documents presented to the jury. Defendants do not oppose the request. The Court grants the motion as to this request.

### D.     Courtroom Procedures with Pro Se Plaintiff

Plaintiff moves the Court to allow him to present his case without being placed in shackles or physical restraints to avoid prejudice in the eyes of the jury. Trial courts have discretion as to whether a defendant is shackled during trial. *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015). The presence of a criminal defendant can create concerns regarding

4

"courtroom security and the just administration of law," as well as prejudice against the defendant. *Spain v. Rushen*, 883 F.2d 712, 722 (9th Cir. 1989). The presence of a prisoner in a civil rights case presents similar concerns. "A trial court may order that a defendant be shackled during trial only after the trial court is 'persuaded by compelling circumstances that some measure is needed to maintain security of the courtroom' and if the trial court pursues 'less restrictive alternatives before imposing physical restraints.'" *Id.* at 965 (quoting *Duckett v. Godinez,* 67 F.3d 734, 748 (9th Cir.1995)).

The Court finds compelling circumstances for requiring Plaintiff to be shackled during trial. Plaintiff was convicted of sexual assault and attempted sexual assault with use of a deadly weapon. *See Nevada v. Johnson*, No. C193750 Dep. XII (Dist. Ct. Clark Cty., Nev. July 13, 2004). Given the violent nature of Plaintiff's crimes, the Court will require him to be shackled for the protection of Defendants, the witnesses, and others in the courtroom. Shackling Plaintiff will not impair his ability to present his case, and any less restrictive alternative will not suffice to maintain courtroom security.

To avoid prejudice against Plaintiff and preserve the fairness of the trial, the Court will adopt the following measures during trial:

(1) Plaintiff will be shackled only at his ankles;

(2) Plaintiff will be brought in and out of the courtroom outside the presence of the jury;

(3) Drapes will be placed around counsel table;

(4) Both Plaintiff and Defendants will conduct opening and closing statements and direct and cross examination while remaining seated at counsel table;

(5) Both Plaintiff and Defendants will remain seated while the judge and jury enter and exit the courtroom;

(6) If Plaintiff wishes to take any exhibits to the court clerk or a witness, Defendants' counsel will walk the exhibits to and from the court clerk or witness; and

(7) Any objections that require a sidebar conference will be held during a recess outside the presence of the jury.

Thus, the Court denies Plaintiff's request but will institute the measures as outlined, which will preserve the fairness and decorum of the trial.

### E.   Legal Materials

Plaintiff moves the Court to allow him to retain his legal materials while being held in federal facilities. Defendants do not support or oppose the request. The Court grants Plaintiff's request insofar as he is detained by federal officers.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 89) is GRANTED in part and DENIED in part.

DATED:  June 7, 2016.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge