UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>N. YOUNG et al.,<br><br>    Defendants. | 3:14-cv-00178-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights case. Pending before the Court are multiple pretrial motions. Jury trial in this case is currently set for Monday, December 12, 2016, at 8:30 AM in Reno Courtroom 6.

## I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiff Lausteveion Johnson is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). He alleges civil rights claims against officials of NDOC and Ely State Prison ("ESP"). Plaintiff brought this action against the following individuals: ESP Law Library Supervisor N. Young ("Young"), ESP Warden Renee Baker ("Baker"), NDOC Director James Greg Cox ("Cox"), ESP Caseworker William Moore ("Moore"), and ESP Property Sergeant April Witter ("Witter") (hereinafter collectively "Defendants").

While incarcerated at ESP, Plaintiff filed numerous grievances and lawsuits. He alleges that Defendants, in retaliation for his complaints, withheld and refused to copy legal documents

he submitted to them and deprived him of issues of *Ebony* magazine to which he had subscribed. He asserted the following claims against all Defendants: (1) First Amendment retaliation; (2) First Amendment access to the courts; and (3) Fourteenth Amendment due process.

On November 18, 2015, the Court adopted and accepted the magistrate judge's recommendation to grant partial summary judgment in favor of Defendants. (*See* ECF No. 67). The Court found that Plaintiff failed to present evidence of an actual injury with respect to his access to courts claim. The Court also found that his Fourteenth Amendment claims are properly characterized as claims of intentional or negligent deprivation, and thus cannot be brought in federal court because a meaningful state remedy exists to provide redress. (*See* R. & R. 16–20, ECF No. 60.) Lastly, the Court found genuine issues of fact to preclude summary judgment with respect to Plaintiff's First Amendment retaliation claim against Young. However, Plaintiff offered no evidence that Baker, Cox, or Moore were personally involved in the alleged denial of legal copywork or the allegedly retaliatory notice of charge filed against Plaintiff by Young.

Therefore, the claims remaining for trial are: (1) First Amendment retaliation against Young on the basis of the alleged denial of copywork and Young's allegedly retaliatory notice of charge against Plaintiff, and (2) First Amendment retaliation against Baker and Witter on the basis of the alleged withholding of Plaintiff's issues of *Ebony* magazine.

Now pending before the Court are: (1) Defendants' motions in limine (ECF No. 105); (2) Plaintiff's motions in limine (ECF Nos. 106, 116, 136); (3) Plaintiff's motion for preliminary injunction (ECF No. 118); (4) Plaintiff's motion for judgment on the pleadings (ECF No. 126); (5) Plaintiff's motion for writ of habeas corpus (ECF No. 128); (6) Plaintiff's motion to strike portions of Defendant's reply in support of motions in limine (ECF No. 131); and (7) Plaintiff's motion for an extension of legal copywork (ECF No. 137).

/ / /

## II. MOTIONS IN LIMINE

### a. Legal Standards

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. "Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### b. Analysis of Defendant's Motions in Limine (ECF No. 105)

Defendants have moved to preclude Plaintiff from introducing certain evidence and arguments at trial. The various grounds for Defendants' motions in limine were, as presented in the motions, largely conjectural. For example, they have moved to preclude Plaintiff from presenting certain evidence because, in other unrelated cases, "[i]nmates have previously attempted to introduce" similar evidence. However, in his Response, Plaintiff confirms that he does intend to introduce the evidence and make the arguments Defendants have sought to preclude. Therefore, the Court will consider each ground raised in Defendants' motions.

#### i. Evidence and Argument Regarding Plaintiff's Inexperience, Mental Illness, or Incarceration

Plaintiff wishes to explain his "conditions" (i.e., that he is an inexperienced pro se litigant who is presently in prison and dealing with mental and physical disabilities) to the jury so jurors may "understand why he is not as professional and why he may be confused." (Resp. 1–2, ECF No. 117.) Defendants argue this information is not relevant, and should otherwise be excluded due to the danger of unfair prejudice, confusion of the issues, and misleading the jury.

That Plaintiff is representing himself in this matter will be plain to the jury. Moreover, the jury will surely understand that Plaintiff is currently incarcerated. Nevertheless, these facts are not relevant to Plaintiff's case, nor is the fact that Plaintiff may suffer from mental or physical disabilities. Plaintiff's claims are for First Amendment retaliation only. The relevant questions for the jury are: (1) whether Young, Baker, and Witter took adverse action against

Plaintiff because of his engagement in activity protected by the First Amendment; (2) whether the adverse action chilled Plaintiff's exercise of his First Amendment rights; and (3) whether the adverse action reasonably advanced any legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). It is undisputed that Plaintiff filed numerous complaints and grievances against prison officials prior to the allegedly retaliatory conduct. The subject matter of those complaints and grievances is immaterial. Indeed, even the extent to which such complaints and grievances may have been justified is immaterial. The complaints were made, and Plaintiff alleges adverse action flowed therefrom. Therefore, no widespread inquiry into Plaintiff's "conditions of incarceration" could be relevant. Only those conditions which are alleged by Plaintiff to have been in retaliation for his complaints and grievances are relevant to this action (namely, the denial of legal copywork, the notice of charge filed by Young, and the withholding of magazine issues).

The fact that Plaintiff is unrepresented by counsel has no bearing on whether any fact of consequence is true or false. At any rate, through observable circumstances throughout the course of the trial, the jury will understand Plaintiff does not have a lawyer and will undoubtedly appreciate his relative lack of expertise.

Furthermore, Plaintiff has not asserted any claim which would put any mental or physical disability at issue here, such as a claim under the Americans With Disabilities Act, for example. These various matters are simply not relevant to Plaintiff's retaliation case.

Therefore, the Court will grant Defendants' motion in limine. Plaintiff is instructed by the Court that in no manner shall he comment or testify upon his personal inexperience, mental health, physical or emotional challenges, or limitations created by the conditions of his incarceration, particularly as they may contrast to the skills and resources of counsel for Defendants. Plaintiff may, of course, present testimony and argument regarding *relevant*

conditions of incarceration (i.e., those conditions which he has alleged to be evidence of retaliation).

### ii.  Evidence of Past Settlements and Settlement Offers

Plaintiff wishes to admit evidence of "awards and settlements of NDOC in other cases" in order to "prove why he made the damages as high as he did" in this case. (Resp. 2, ECF No. 117.) Accordingly, Plaintiff will be using this information "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. Under Rule 408, therefore, the Court will not allow Plaintiff to present evidence of any prior settlement offer or negotiation to compromise any claim asserted by Plaintiff in this case.

Furthermore, Plaintiff will not be allowed to present evidence of prior settlements between NDOC and other inmates. Rule 408 applies equally to third-party compromises. *See Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990). "Two principles underlie Rule 408: (1) the evidence of compromise is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position; (2) a more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes." *Id.* at 1213–14 (citation and brackets omitted) (citing Fed. R. Evid. 408 advisory committee notes). To permit Plaintiff to present evidence of NDOC's prior settlements with inmates in order to establish the value of Plaintiff's claim would broadly undermine the policy of encouraging compromise and settlement.

Lastly, evidence of prior jury verdicts against Defendants is inadmissible to prove the validity or value of Plaintiff's claims here. First, such evidence is irrelevant. Any prior jury verdict was invariably reached under different circumstances. Even slight variations in factual circumstances can bear on the appropriate measure of damages. Furthermore, evidence of prior

jury awards must be excluded under Rule 403 for its potential to prejudice and improperly influence the jury in this case.

Accordingly, the Court will grant Defendants' motion. Plaintiff shall not mention or present evidence of prior settlement offers or negotiations in this case, prior settlement offers or negotiations in any other matter involving NDOC or any of the Defendants and other inmates, or prior jury verdicts against NDOC or any of the Defendants.

### iii. Narrative Testimony of Plaintiff

Plaintiff wishes to testify in a narrative fashion. Defendants request that the Court limit Plaintiff to testifying in a question-and-answer format, to prevent rambling and irrelevant discourse and to give Defendants an opportunity to object to certain testimony before it is given.

The Court will grant Defendant's motion. If Plaintiff testified merely by presenting an unstructured and uninterrupted narrative, Defendants would face significant prejudice in that they would be deprived of the opportunity to hear each question, object, and create a clear record for appeal. Therefore, Plaintiff's testimony must be presented in a question-and-answer format. Before testifying, Plaintiff will state a question, pause briefly, and answer the question stated. Plaintiff will also be expected to keep his answers reasonably concise so as not to contravene this order by entering into a protracted narrative. The Court will manage the length of Plaintiff's answers to his own questions at the time the answers are given. The Court will also instruct the jury accordingly so as not to prejudice Plaintiff with this apparently awkward presentation of evidence.

### iv. Evidence of Defendants' Prior Bad Acts

Plaintiff wishes to introduce evidence of allegations of Defendants' prior acts "of refusing to return or copy inmates' legal work" in order to show "a motive of Defendants'

hostility to prisoners or an intent to harm prisoners and prejudice their litigation, which would be relevant to whether Defendants retaliated against Plaintiff." (Resp. 3, ECF No. 117.)

The Court will grant Defendant's motion under Rule 404. Contrary to Plaintiff's contention, the mere fact of Defendants' past refusal to provide legal copywork to inmates is not relevant to establishing motive or intent. Such evidence would only establish that Defendants committed the same wrong in the past that Plaintiff now alleges they committed against him, and would only be relevant as impermissible character evidence. Accordingly, Plaintiff will not be allowed to introduce any evidence of alleged prior bad acts or character evidence of any defendants in this case prior to reviewing such proposed evidence with the Court in advance and outside of the presence of the jury. The Court cautions Plaintiff that such proposed evidence would first have to comply with all rules of evidence before it would be admissible before the jury.

### v. Written Statements of Other Inmates

Plaintiff wishes to admit into evidence written "grievances and affidavits of other inmates" in order to "show that these inmates were eyewitnesses and [to show] a habit of Defendants." (Resp. 3, ECF No. 117.) Defendants argue that such evidence is inadmissible hearsay. Plaintiff has not represented that he intends to present written statements for any non-hearsay purpose. Indeed, his stated purposes of showing that the affiants were eyewitnesses and showing a habit of Defendants strongly suggest he intends to introduce the documentary evidence for the truth of the matter asserted. Furthermore, any statements or other documentary evidence concerning past grievances constitute evidence of prior bad acts which the Court will not allow for reasons already stated in this order.

/ / /

/ / /

Defendants' motion is granted with respect to written statements of other inmates, and Plaintiff shall not present such evidence, or make reference to it in the presence of the jury, unless expressly permitted to do so by the Court.

### vi. Evidence of Procedural History of This Case

Plaintiff wishes to discuss the procedural history of this case before the jury. (Resp. 3–4, ECF No. 117.) The procedural history of the case is totally irrelevant to establish any aspect of Plaintiff's claims against Defendants, and any discussion of the procedural history before the jury will waste time and risk confusion of material issues. Defendants' motion is granted.

### vii. "Golden Rule Arguments"

Plaintiff wishes to make so-called "Golden Rule arguments" to the jury. (Resp. 4, ECF No. 117.) Golden Rule arguments ask jurors to "place themselves in the position of one of the parties." *Clark v. Thomas*, No. 2:09-CV-02272-JAD, 2014 WL 2573738, at *8 (D. Nev. June 6, 2014) (citation omitted). The Court grants Defendants' request to preclude arguments of this nature. *See, e.g.*, *Woods v. Burlington N. R.R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985), *rev'd on other grounds*, 480 U.S. 1.

### viii. Evidence Regarding Previously Dismissed Claims in This Case

Plaintiff wishes to discuss, before the jury, claims he asserted in this action of which the Court has already disposed. (Resp. 4, ECF No. 117.) Such claims are not relevant to Plaintiff's remaining claims against Defendants, and any discussion of such claims before the jury will waste time and risk confusion of material issues. Defendants' motion is granted.

### ix. Preclusion of "Potential Misconduct" By Plaintiff

Defendants ask the Court to prevent Plaintiff from making statements that would encourage the jury to make moral or social judgments when they enter a verdict. Defendants request that the Court prohibit the following seven types of statements during the entire trial:

- Plaintiff informing jurors of his personal opinion as to the justness of a cause, the credibility of parties or witnesses, or the culpability of the civil litigants;

- Plaintiff inserting his personal life, including, but not limited to, stories or facts about his family or friends into trial;

- Plaintiff expressing to jurors disdain for any Defendant or any witness of Defendants or personally vouching for Plaintiff or Plaintiff's witnesses;

- Plaintiff asserting to jurors that Plaintiff's case is a crusade for justice or similar expressions of social causes larger than the above-entitled action;

- Plaintiff arguing to jurors that Defendants wasted the jurors' time and/or taxpayers' money, that Defendants must take responsibility for their conduct, or that Defendants are attempting to prevent an injured person from recovering relief;

- Plaintiff inviting jurors to send a message regarding some social issues larger than this case, to find Defendants liable so they do not do this to someone else, to teach Defendants a lesson, not to let Defendants get away with this, or to punish Defendants or Defendants' counsel; and,

- Plaintiff stating or implying to jurors that Defendants have refused to accept responsibility, that Defendants have refused to offer compensation to Plaintiff, that Defendants have deep pockets, or that everyone should know governmental entities are inherently evil, are out to get the little guy, or always disregard the rights of individuals.

In his Response, Plaintiff has expressed his desire and intention to use this very type of rhetoric in opening and closing arguments and "otherwise at trial." (Resp. 4–5, ECF No. 117.)

The Court will grant Defendants' motion. *See, e.g.*, *Clark*, 2014 WL 2573738, at *7–8 (D. Nev. June 6, 2014) ("Trial must be based on evidence that the parties present and the jury objectively weighs; it is not a contest of the parties' opinions."). The Court directs the parties to

the above list of seven items as examples of opinions that would be inappropriate to voice in front of the jury.

To avoid confusion, however, the Court clarifies that Plaintiff will not be prevented from exercising his right to challenge the credibility of witnesses during questioning, by any means consonant with the rules of evidence. However, Plaintiff's personal opinion or assessment of any witness's credibility is not admissible, and shall not be expressed to the jury.

### x. Evidence Regarding Young's Departure from NDOC

Plaintiff wishes to question Young on the circumstances surrounding the termination of her employment with NDOC. Young is no longer an employee of NDOC. Her employment ended at some time following the events giving rise to Plaintiff's complaint. Defendants argue that the circumstances of Young's departure are "not probative of any material fact in this case," and should otherwise be excluded under Rule 403. Plaintiff counters that Young may have been fired "because of issues in this case and/or similar issues involved in this case. If so, questions regarding Young's departure would be relevant." (Resp. 5, ECF No. 117.)

The Court agrees with Defendants. Defendants' motion is granted, and Plaintiff will not be allowed to question Young regarding the circumstances of her termination, unless he makes a prior showing of relevance to the Court by demonstrating that Young's termination was related to his claims.

### xi. Evidence of Plaintiff's *Ebony* Magazine Subscription

Lastly, Plaintiff wishes to offer as evidence his subscription to *Ebony* magazine. Defendants seek to exclude documentary evidence of the subscription under Federal Rule of Civil Procedure 37 on the grounds that Plaintiff has thus far failed to produce such evidence to Defendants or the Court. (Mot. Lim. 11–12, ECF No. 105.)

/ / /

The Court will deny Defendants' motion. Rule 37(c)(1), cited by Defendants, requires the exclusion of evidence not properly disclosed under Rule 26(a) or (e). Rule 26 does not necessarily require a party to produce a copy of all documents the party may use to support its claims; a description of the document by category and location is sufficient. Defendants do not assert that Plaintiff failed to make an initial disclosure under Rule 26, or that such disclosure failed to describe Plaintiff's magazine subscription. Defendants also do not assert that they requested a copy of the subscription in discovery and Plaintiff failed to produce it. Rather, Defendants seem to argue that the document was never properly disclosed simply because Plaintiff has not proactively sent them a copy of it.

It is evident that Defendants have for some time been aware of Plaintiff's intention to use the subscription as evidence, and Plaintiff clearly disclosed the subscription as a trial exhibit in the parties' joint pretrial order. (*See* ECF No. 71 at 4.) Therefore, it does not appear that Plaintiff actually failed to disclose the subscription so as to necessitate its exclusion under Rule 37. The Court's preliminary ruling is to allow Plaintiff to present documentary evidence of his subscription to *Ebony* magazine at trial. This motion is therefore denied, without prejudice to further objection by Defendants.

### c. Analysis of Plaintiff's Motions in Limine (ECF Nos. 106, 116, 136)

#### i. Defendants Appearing in NDOC Uniforms

Plaintiff contends that allowing Defendants to wear their NDOC uniforms at trial would be unfairly prejudicial to his case. It is a central fact, and undisputed, that Defendants were on duty as NDOC officials and/or personnel at the time the alleged violations occurred. The jury will undoubtedly be aware of this fact. Defendants have represented that they will be "wearing to court what they would have been wearing at the time of the alleged incidents." (Resp. 3, ECF No. 109.) The Court finds no prejudice in this, and therefore denies Plaintiff's request.

### ii. Plaintiff's Escorting Officers Wearing Uniforms in the Courtroom

Plaintiff also contends he will be prejudiced if his escorting officers are permitted to wear their regular uniforms in the presence of the jury. The jury will be aware of the fact that Plaintiff is incarcerated and that the alleged violations occurred while he was in prison. Thus, there is no risk of unfair prejudice if Plaintiff is escorted by on-duty correctional officers in standard uniform. The Court denies this request.

### iii. Permission to Stand During Trial

Plaintiff wishes to be permitted to stand in place at various times during trial. This request appears to be the result of the Court's prior order denying Plaintiff's motion in limine, ECF No. 89. (*See* Order, ECF No. 97.) The Court ordered that Plaintiff would be shackled at the ankles during trial but that Plaintiff and Defendants would remain seated during argument and witness examination in order to limit the jury's awareness of Plaintiff's shackles. Plaintiff now requests that he and Defendants' counsel be permitted to stand, but not to walk around the courtroom, during opening argument, closing argument, and witness examination. Defendants have not opposed this request.

The Court will grant the request in part. Plaintiff and defense counsel will be permitted to stand during opening and closing arguments. As a result, they will also be required to rise upon entry of the judge and jury into the courtroom. However, Plaintiff and defense counsel must remain seated during the examination of witnesses. Accordingly, the Court modifies its prior order, ECF No. 97, as follows:

(1) Plaintiff will be shackled only at his ankles;

(2) Plaintiff will be brought in and out of the courtroom outside the presence of the jury;

(3) Drapes will be placed around counsel table;

///

(4) Both Plaintiff and Defendants will conduct opening and closing statements while standing in place at counsel table;

(5) However, both Plaintiff and Defendants shall remain seated at counsel table during direct and cross examination of witnesses;

(6) During his own testimony, Plaintiff will approach and depart the witness stand outside the presence of the jury;

(7) Both Plaintiff and Defendants will rise while the judge and jury enter and exit the courtroom;

(8) If Plaintiff wishes to take any exhibits to the court clerk or a witness, Defendants' counsel will walk the exhibits to and from the court clerk or witness; and

(9) Any objections that require a sidebar conference will be held during a recess outside the presence of the jury.

### iv. Request for Meals

The purpose of a motion in limine is to obtain a preliminary ruling on the admissibility of evidence before the evidence is presented at trial. Plaintiff's meals are not a proper subject for this motion.

### v. Exhibit K

Plaintiff "requests Exhibit K of his motion for summary judgment which is an affidavit." (Mot. Lim. 2, ECF No. 116.) Exhibit K is Plaintiff's own declaration. Defendants have interpreted this to be a request for an order permitting Exhibit K's admission into evidence at trial. To the extent Defendants' interpretation is correct, Plaintiff's request is denied. Plaintiff may not rely on written testimony at trial and must present his testimony orally and subject to cross-examination.

/ / /

However, to the Court it appears more likely that Plaintiff is actually requesting that he be provided with a copy of Exhibit K. If so, such a request is not a proper subject for a motion in limine.

### vi.  Religious Prayer Beads and Cap

Plaintiff wishes to be permitted to wear his Islamic prayer beads and religious head cap at trial. Defendants do not argue that the religious apparel would be prejudicial and do not otherwise oppose the request. Therefore, the Court will not prevent Plaintiff from wearing his religious prayer beads and cap on evidentiary grounds. However, Plaintiff is subject to all NDOC rules and regulations and this order shall not be read to supersede any such rule that may limit Plaintiff's ability to wear his religious items at trial.

### vii.  Request to Sit at the Counsel Table Nearest the Jury

Plaintiff asks that he be seated at the counsel table nearest the jury, because he "would be unfairly prejudiced if he is placed at the table farthest away from the jury, because he would be physically placed in the position of the Defendant." (Mot. Lim. 1, ECF No. 136.) The request is denied. It is this Court's practice to seat incarcerated Plaintiffs nearest the holding room for prisoners, which is situated next to the counsel table farthest from the jury. There is no risk of unfair prejudice based on these standard courtroom seating assignments.

## III.   MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 118)

Plaintiff requests a preliminary injunction requiring Defendants to: (1) issue Plaintiff legal supplies "on an as-needed basis" as long as he is indigent; (2) extend Plaintiff's copywork limit another $50; (3) produce Plaintiff in person for oral argument on this motion; (4) transfer $212 from Plaintiff's personal savings account to his Trust #2 account so he can use his personal funds to pay for legal supplies in prison. (*See* Mot. 2, ECF No. 118.)

/ / /

Plaintiff alleges he has been denied legal supplies due to his inability to pay for them dating back to July 2016. However, on October 20, 2016, after filing this motion, Plaintiff notified the Court that he had been transferred from Southern Desert Correctional Center to Northern Nevada Correctional Center. (*See* Change of Address, ECF No. 120.) When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Because it is apparent that Plaintiff's motion is based on conditions at a prior facility where he is no longer housed, the motion is denied as moot. It further appears that Plaintiff's situation has improved following his transfer, as his assertion of irreparable harm is belied by his numerous recent court filings in this and other pending cases. (*See, e.g.*, ECF Nos. 120, 121, 123, 124, 126, 127, 128, 131, 132, 135, 136, 137, 138.)

**IV.  MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 126)**

    **a.  Legal Standards**

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

The standards governing a Rule 12(c) motion for judgment on the pleadings are the same as those governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Dworkin v.*

*Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios*, 896 F.2d at 1555 n. 19 (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

      **b. Analysis**

As an initial matter, Plaintiff's motion asks the Court to consider materials beyond the pleadings, namely documentary evidence of Plaintiff's subscription to *Ebony* magazine. This evidence cannot properly be considered in ruling on a Rule 12(c) motion and thus converts Plaintiff's motion into a motion for summary judgment.

The time for filing dispositive motions in this case has passed. (*See* Orders, ECF Nos. 15, 29, 31.) Therefore, Plaintiff's motion is untimely. Furthermore, this Court has already considered a summary judgment motion by Plaintiff, and denied it. Lastly, Plaintiff's motion is devoid of relevant evidence and consists only of conclusory allegations of Defendants' conduct. Plaintiff cannot demonstrate the absence of a genuine dispute of material fact with rote recitations of the elements of his claim. Accordingly, the Court denies the motion.

/ / /

## V. MOTION FOR WRIT OF HABEAS CORPUS (ECF NO. 128)

Plaintiff requests that the Court issue writs of habeas corpus ordering NDOC to produce and transport inmates Damon Campbell and William Clark to trial as witnesses. The Court previously denied the very same request. (*See* Order 3–4, ECF No. 92.) In the present motion, Plaintiff makes the same arguments and provides the same factual support as in his prior motion, which the Court denied. Accordingly, the Court denies Plaintiff's motion on the same grounds stated in its prior order, (ECF No. 92).

## VI. MOTION TO STRIKE (ECF NO. 131)

Plaintiff moves to strike portions of the reply brief in support of Defendants' motions in limine 1–11, (ECF No. 125). In section I.F of the reply, Defendants insert a new basis for excluding evidence not previously raised in their motions. Defendants concede that this argument was included in the reply brief by mistake and should be stricken. Therefore, Plaintiff's motion is granted and section I.F is hereby stricken from Defendants' Reply in Support of Motions in Limine 1–11. (ECF No. 125.) In accordance with this order, the Court has omitted any discussion of section I.F of the reply brief in analyzing Defendants' motions in limine *supra*.

## VII. REQUEST FOR AN EXTENSION OF LEGAL COPYWORK (ECF NO. 137)

Plaintiff requests a $60 extension to exceed his photocopy limit to accommodate "254 documents that he has to get copied twice for trial." (Mot. 1, ECF No. 137.) There are several compelling reasons to deny Plaintiff's request. First, Plaintiff has already received two copywork extensions, in the amount of $10 each. (*See* Orders, ECF Nos. 49, 108.) The latter extension was specifically for the purpose of copying documents *for trial*. (Order 1, ECF No. 108.) In granting that extension, the magistrate judge cautioned Plaintiff "that he should carefully consider the documents he intends to copy as the court will not further allow plaintiff to exceed the copy limit." Second, Plaintiff and Defendants participated in a telephone conference on November 29,

1  2016, during which Defendants informed Plaintiff that they would be preparing a trial binder for
2  Plaintiff for use at trial. (*See* Resp. 2, ECF No. 144.) The trial binder will contain copies of all of
3  Plaintiff's and Defendants' trial exhibits. (*See id.*) Lastly, many of the documents Plaintiff
4  wishes to copy for trial have already been deemed irrelevant or otherwise inadmissible by the
5  Court (e.g., grievances and responses, affidavits, pictures of Plaintiff's housing unit, Plaintiff's
6  complaint in this case, etc.).

7  Therefore, Plaintiff's request for an extension is denied.

8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' motions in limine (ECF No. 105) are GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motions in limine (ECF Nos. 106, 116, 136) are GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction (ECF No. 118) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for judgment on the pleadings (ECF No. 126) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for writs of habeas corpus (ECF No. 128) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (ECF No. 131) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for an extension of legal copywork (ECF No. 137) is DENIED.

IT IS SO ORDERED. this 5th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge