UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,

        Plaintiff,

vs.

N. YOUNG et al.,

        Defendants.

3:14-cv-00178-RCJ-VPC

**ORDER**

This prisoner civil rights action was tried to jury verdict on December 14, 2016. Now pending before the Court are Plaintiff's motion for new trial, (ECF No. 166), Plaintiff's request for transcripts and audio/video recordings of trial, (ECF No. 169), and Defendants' objection to Plaintiff's bill of costs, (ECF No. 175).

**I.    FACTS AND PROCEDURAL BACKGROUND**

Plaintiff Lausteveion Johnson is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). In this action, he alleged civil rights claims against officials of NDOC and Ely State Prison ("ESP"). Plaintiff initially brought this action against the following individuals: ESP Law Library Supervisor Nissel Young ("Young"), ESP Warden Renee Baker ("Baker"), NDOC Director James Greg Cox ("Cox"), ESP Caseworker William Moore ("Moore"), and ESP Property Sergeant April Witter ("Witter") (hereinafter collectively "Defendants").

While incarcerated at ESP, Plaintiff filed numerous grievances and lawsuits against prison officials and personnel. He alleged that Defendants, in retaliation for certain grievances and complaints, withheld and refused to copy legal documents he submitted to them and deprived him of issues of *Ebony* magazine to which he had subscribed. He asserted the following claims against all Defendants: (1) First Amendment retaliation; (2) First Amendment access to the courts; and (3) Fourteenth Amendment due process.

On November 18, 2015, the Court adopted the magistrate judge's report and recommendation to grant partial summary judgment in favor of Defendants. (*See* ECF No. 67.) The Court found that Plaintiff failed to present evidence of an actual injury with respect to his access to courts claim. The Court also found that Plaintiff's Fourteenth Amendment claims were properly characterized as claims of intentional or negligent deprivation, and thus could not be brought in federal court because a meaningful state remedy exists to provide redress. (*See* R. & R. 16–20, ECF No. 60.) Lastly, the Court found genuine issues of fact to preclude summary judgment with respect to Plaintiff's First Amendment retaliation claim against Young. However, Plaintiff offered no evidence that Baker, Cox, and Moore were personally involved in the alleged denial of legal copywork or the allegedly retaliatory notice of charges filed by Young.

Accordingly, after summary judgment, the claims remaining for trial were: (1) First Amendment retaliation against Young on the basis of the alleged denial of copywork on February 3 and February 12, 2014, and Young's allegedly retaliatory notice of charges against Plaintiff; and (2) First Amendment retaliation against Baker and Witter on the basis of the alleged withholding of Plaintiff's issues of *Ebony* magazine.

At trial, following Plaintiff's case-in-chief, Defendants made a Rule 50 motion for judgment as a matter of law, which the Court granted in part. The Court found that Plaintiff had not presented sufficient evidence to permit a reasonable jury to rule in his favor with respect to

the alleged denial of copywork on February 3, 2014, or with respect to the alleged withholding of Plaintiff's issues of Ebony magazine.

Therefore, after the Court's partial grant of Defendants' Rule 50 motion, the only issues put to the jury were (1) whether Young unlawfully retaliated against Plaintiff by refusing to complete his copywork on February 12, 2014, and (2) whether Young unlawfully retaliated against Plaintiff by filing a notice of charges against him. On these two remaining questions, the jury returned a split verdict: Young did not retaliate against Plaintiff by refusing to complete his copywork, but did retaliate, in violation of Plaintiff's First Amendment right, by filing the notice of charges. The jury awarded Plaintiff nominal damages of $1.00, and determined punitive damages were not warranted.

Plaintiff now moves for a new trial and requests that the Court provide typed transcripts as well as audio and video recordings of the three-day trial. Plaintiff has also filed and served a bill of costs, (ECF No. 174), to which Defendants have objected, (ECF No. 175).

## II.   PLAINTIFF'S MOTION FOR NEW TRIAL

### a. Legal Standards

After a jury trial, a district court may, upon motion, grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)–(a)(1)(A). Erroneous jury instructions are grounds for a new trial unless the error is harmless. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

### b. Analysis

Plaintiff argues that the Court incorrectly instructed the jury. During deliberations, the jury sent a note to the Court asking: "Do punitive damages against N. Young go directly towards N. Young or do the [sic] go against the state[?] Who actually pays?" After conferring with Plaintiff and defense counsel and giving them an opportunity for comment and objection, the

Court replied, in writing: "Thank you for your question. The State is not a party to this action. Punitive damages may only be assessed against Defendant N. Young." Thereafter, the jury returned its verdict, in which it declined to award punitive damages.

Plaintiff now argues the Court's response to the jury was wrong, and that it harmed him by causing the jury not to award punitive damages. Plaintiff contends:

> [T]his question of "who pays" is irrelevant as to the fact of whether or not Plaintiff is entitled to punitive damages. It is not a fact the jury was required to consider as to whether or not to award punitive damages. . . . And they decided to deny Plaintiff punitive damage because of that, which was in fact an improper fact for the Court to have the jury consider . . . .

(Mot. New Trial, ECF No. 166.)

In his argument, however, Plaintiff misapprehends the nature and purpose of punitive damages. "The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff." Model Civ. Jury Instr. 9th Cir. 5.5 (2007) (last updated Jan. 2017). Thus, punitive damages are not awarded based on the extent of a plaintiff's injury; that is the purpose of compensatory damages. Rather, punitive damages are awarded based on the "degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)). As such, punitive damages are more accurately "imposed on a defendant," based on the "enormity of his offense," rather than awarded to a plaintiff based on the severity of his injury. *See Gore*, 517 U.S. at 575.

Of necessity, therefore, any award of punitive damages is invariably and inextricably linked to a particular defendant. In this action, only one defendant, Young, remained a party at the time the jury began its deliberations. Therefore, punitive damages could only be awarded, if at all, against Young. As the Court correctly noted in its response to the jury's question, the State was not a party to Plaintiff's lawsuit. It would be entirely inappropriate and contrary to law for a

jury to award damages against a non-party. Because punitive damages must be imposed on a particular defendant based on the egregiousness of that defendant's conduct, it was appropriate, even necessary, for the jury to consider against whom a potential award of punitive damages would be assessed.

Therefore, the Court did not give an erroneous instruction to the jury, and Plaintiff's motion for a new trial is denied.

### III. PLAINTIFF'S REQUEST FOR TRANSCRIPTS AND AUDIO/VIDEO RECORDINGS OF TRIAL (ECF NO. 169)

#### a. Legal Standards

Federal statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

#### b. Analysis

Plaintiff was granted leave to proceed in forma pauperis in August 2014, shortly after he filed his Complaint. (*See* ECF No. 8.) Pursuant to Federal Rule of Appellate Procedure 24(a)(3), he may proceed on appeal in forma pauperis without express permission of the Court of Appeals. ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization . . . .") However, Plaintiff has provided no information whatsoever regarding the potential grounds for his appeal. Plaintiff has merely requested transcripts and audio/video recordings of his trial "for appeal purposes." (ECF No. 169.) Accordingly, the Court cannot grant the relief Plaintiff requests, because the Court is unable to determine whether Plaintiff's appeal is frivolous or presents a substantial question. *See McKinney v. Anderson*, 924 F.2d 1500, 1512 (9th Cir. 1991), *cert. granted*, *judgment vacated on*

*other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991), *and judgment reinstated*, 959 F.2d 853 (9th Cir. 1992) (affirming magistrate judge's denial of free transcripts where magistrate judge was "unable to certify that the appeal [was] not frivolous because she was unable to determine on what grounds [plaintiff] was seeking to overturn the directed verdict").

Furthermore, Plaintiff's request to obtain copies of audio or video recordings of the trial lacks legal support. To the extent any such recordings exist, Plaintiff does not cite, and the Court has no knowledge of, any authority upon which such relief can be granted. While 28 U.S.C. § 753(b) provides a party with the right to receive a transcription of in-court proceedings, audio and video recordings are not subject to disclosure. Moreover, Plaintiff has demonstrated no need for audio or video recordings of his trial. Under § 753(b), "[t]he transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had." Plaintiff has not alleged that transcription errors occurred, and could not make such an allegation at this time having not examined the trial transcript. Moreover, inaccuracies in the transcript could only sustain an appeal if Plaintiff could somehow demonstrate that they adversely affected the outcome of his trial, and there is no indication that any judgment, including the jury's verdict, was in any way influenced by what the court reporter transcribed.

Therefore, the Court denies Plaintiff's request for trial transcripts without prejudice to Plaintiff renewing and supplementing the request with sufficient information to allow the Court to determine whether his appeal is frivolous or presents a substantial question. The Court also denies Plaintiff's request for audio or video recordings of his trial.

IV. **DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS (ECF NO. 175)**

   a. **Legal Standards**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see*

*also* LR 54–1(a) ("Unless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs."). The Ninth Circuit has "construed [Rule] 54(d)(1) to create a presumption in favor of awarding costs to the prevailing party." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (Jan. 15, 1997) (citing *National Information Services, Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

"Courts consistently confirm that a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citations omitted). A party need not prevail on all of its claims in order to be considered a prevailing party. *Id.* (citing *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974)). "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *See, e.g.*, *Amarel*, 102 F.3d at 1523; *Fink v. Ylst*, 198 F. App'x 587, 594 (9th Cir. 2006); *Rebel Distributors Corp. v. Devos, Ltd.*, 376 F. App'x 772, 775 (9th Cir. 2010).

Local Rule 54-1(b) provides:

> Every bill of costs and disbursements shall be verified and distinctly set forth each item so that its nature can be readily understood. The bill of costs shall state that the items are correct and that the services and disbursements have been actually and necessarily provided and made. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs.

The party seeking costs bears the burden of proving the amount of compensable costs. *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).

**b. Analysis**

The Court will sustain Defendants' objection to Plaintiff's bill of costs and require the parties to bear their own costs. First, Plaintiff is not a prevailing party under Rule 54(d). Plaintiff

initiated this action asserting three constitutional claims against five defendants. At summary judgment, the Court disposed of two of Plaintiff's claims—First Amendment access to courts and Fourteenth Amendment due process—entirely in Defendants' favor. Plaintiff's remaining claim for First Amendment retaliation was whittled down yet further: The Court concluded that no reasonable jury could find that Defendants Baker, Cox, and Moore were personally involved in the refusal to complete Plaintiff's copywork or the filing of the notice of charges. Upon that ruling, Defendants Cox and Moore were dismissed from the case.

Plaintiff's First Amendment retaliation claim then proceeded to trial. Following Plaintiff's case-in-chief, the Court partially granted Defendants' Rule 50 motion, which resulted in the dismissal of Defendants Baker and Witter and further narrowed the surviving First Amendment retaliation claim against Young, who was the only remaining Defendant. Two questions were then put to the jury: (1) whether Young retaliated against Plaintiff by refusing to complete copywork, and (2) whether Young retaliated against Plaintiff by filing a notice of charges against him. The jury returned a split verdict, answering one question in favor of Plaintiff and the other in favor of Young. With respect to the one claim on which Plaintiff narrowly prevailed, the jury found that Plaintiff had failed to prove any amount of damages, and awarded nominal damages of $1.00. Given that four of five Defendants entirely prevailed on the claims asserted against them, that the jury returned a split verdict on Plaintiff's claims against Young, and that the jury found Plaintiff had suffered no damages, it cannot be said that Plaintiff "prevailed" in his action for purposes of Rule 54(d). *See Fink*, 198 F. App'x at 594 (affirming district court's ruling that plaintiff was not a prevailing party under Rule 54(d) where "only six of the more than thirty defendants . . . went to trial and plaintiff prevailed . . . against two").

Moreover, due to the mixed judgment in this case, it would be impossible for the Court to determine with any accuracy what portion of Plaintiff's litigation costs are attributable to the

narrow claim on which he prevailed. Plaintiff seeks reimbursement for various necessary expenses related to the prosecution of this action as a whole. Therefore, even if Plaintiff were entitled to receive a portion of his costs based on his partial victory, the Court would be unable to separate out only those costs expended for purposes of his prevailing claim.

Accordingly, the Court will require the parties to pay their own litigation expenses.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion for new trial (ECF No. 166) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for transcripts and audio/video recordings of trial (ECF No. 169) is DENIED.

IT IS FURTHER ORDERED that Defendants' objection to Plaintiff's bill of costs (ECF No. 175) is SUSTAINED. The parties will bear their own costs.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
DATED: This 17th day of February, 2017.